UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
CANDY PYSADEE on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

      -against-

USCB CORPORATION

                        Defendant.

-----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N Y

★    MAY 0 7 2012     ★

**LONG ISLAND OFFICE**

**SUMMONS ISSUED**

**CV-12 2254**

**MAUSKOPF, J**

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Candy Pysadee seeks redress for the illegal practices of USCB Corporation in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.    Upon information and belief, Defendant's principal place of business is located within the state of Archbald, Pennsylvania.

-1-

6.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
       consumers.

7.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
       1692(a)(6).

### *Jurisdiction and Venue*

8.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
       1331.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
       transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Candy Pysadee*

10.    Upon information and belief, on a date better known by Defendant, Defendant began to
       attempt to collect an alleged consumer debt from the Plaintiff.

11.    Within the one year immediately preceding this action, the Defendant left many
       messages on the Plaintiff's answering machine on numerous occasions.

12.    The caller failed to identify them self as a debt collector attempting to collect a debt.

13.    Upon information and belief, the said messages were either pre-scripted or pre-recorded.

14.    Defendant has engaged in a pattern of leaving messages without disclosing that the
       communication is from a debt collector.

15.    The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11)
       for failing to indicate that the messages were from a debt collector which constitutes a
       deceptive practice.

-2-

16.     On or about March 12, 2012 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

17.     Defendant threatened serious adverse consequences in the said collection letter dated March 12, 2012, specifically stating: "We may report this account to all national credit bureaus."

18.     Upon information and belief, Defendant did not intend to report Plaintiff's account to all national credit bureaus.

19.     The Defendant's said statement that it would report the account to all national credit bureaus was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

20.     The Defendant's said statement was therefore a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, §1692e(5).

21.     The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

22.     The said March 12, 2012 letter also stated, in pertinent part: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt this office will obtain verification of the debt or obtain copy of judgment and mail you copy of such judgment or verification."

23.     Said language fails to advise the Plaintiff that the she can dispute a portion of the debt as

-3-

well. See. Harvey v. United Adjusters, 509 F. Supp. 1218 (D. Or. 1981). (The collector's verification notice violated the Act in that if it was sent, it did not state the right to dispute a portion of the debt and erroneously required any dispute to be in writing. Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004). (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.) Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990). (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated § 1692g.) McCabe v. Crawford & Co., 272 F. Supp. 2d 736 (N.D. Ill. 2003). (Failure to specify that any portion of the debt may be disputed also violated § 1692g(a). Omitting the words ''in writing'' from the validation notice violated § 1692g(a).) McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002). (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.) Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

24.     The Defendant USCB Corporation, failed to provide proper disclosure of the rights a consumer debtor has to dispute the debt and request validation of the debt, as required by federal and state regulations and in doing so violated § 1692e which prohibits False, Deceptive and Misleading practices .

25.     Defendant completely failed to advise the Plaintiff that she could dispute "a portion of
        the debt" and by that omission violated § 1692g(4). § 1692g(4) properly states "a
        statement that if the consumer notifies the debt collector in writing within the thirty-day
        period that the debt, <u>or any portion thereof</u>, is disputed, the debt collector will obtain
        verification of the debt or a copy of a judgment against the consumer and a copy of such
        verification or judgment will be mailed to the consumer by the debt collector.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself
and the members of a class, as against the Defendant.*

26.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-26 as if
        set forth fully in this cause of action.

27.     This cause of action is brought on behalf of Plaintiff and the members of three classes.

28.     Class A consists of all persons: (a) whom Defendant's records reflect resided within the
        State of New York who received telephonic messages from Defendant within one year
        prior to the date of the within complaint up to and including the date of the filing of this
        Complaint; (b) involving telephone messages which were placed without setting forth
        that the communication was from a debt collector; and (c) that the telephone messages
        were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

29.     Class B consists of all persons whom Defendant's records reflect resided in the State of
        New York and who were sent a collection letter (a) bearing the Defendant's letterhead in

substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the Defendant made false threats of credit reporting in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

30.     Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a five day notice (a) in substantially the same form letter as the letter sent to the plaintiff on or about March 12, 2012 (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§, 1692e, 1692e(2)(A), 1692e(10) and 1692g(4) for failure to provide proper disclosure of the rights of consumer debtor to dispute the debt.

31.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)     Based on the fact that form telephonic messages and form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages and collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

32.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Collection letters, such as those sent by the defendant and telephonic messages made by

        the defendant are to be evaluated by the objective standard of the hypothetical "least

        sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

35.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt

        Collection Practices Act.

36.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

        and the members of the class are entitled to damages in accordance with the Fair Debt

        Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

        (a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

                and

        (b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

        (c)     Any other relief that this Court deems appropriate and just under the

                circumstances.

Dated: Cedarhurst, New York
        May 1, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**

-8-

483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-9-

PO BOX 1259, Dept #25271
OAKS, PA 19456



RETURN SERVICE REQUESTED

Date: March 12, 2012

*Personal & Confidential*

〜ᕀᒐ〜ᐧᒐᒐᕀ〜ᒐᒐᕀᒐᒐ||ᒐᐧ||||ᒐᒐᐧᒐᒐ||||ᒐᒐ||ᒐᒐ|ᒐᒐᒐᒐ||ᒐᒐᒐᒐᒐ||ᒐᒐᐧ|||ᒐ    8515-820
      Candy Pysadee
      729 NEW JERSEY AVE
      BROOKLYN NY 11207-7011

**USCB**
CORPORATION

**PO Box 75 Archbald PA 18403**
*Calls to or from this company may be monitored
or recorded for quality assurance.*
Phone #: (570)876-6309 Fax #: (570)876-8179
OFFICE HOURS: (Eastern Time)
Monday - Thursday 9AM - 9PM
Friday 9AM - 5PM
Saturday 9AM - 1PM

**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals

| | |
|---|---|
| Client: | Stratford Career Institute |
| Creditor's Account #: | F421158 |
| Reference #: | ST20105356 |
| Current Balance Due: | $347.40 |

Dear Candy Pysadee:

This account has been listed with our office for collection. It is our intention to work with you to resolve this collection account. We may report this account to all national credit bureaus. You can enclose your payment in the envelope provided and make your check or money order payable to USCB Corporation. All payments and correspondence should be sent to our mailing address at PO Box 75, Archbald PA 18403. Should you wish to speak to a representative concerning your account you may contact this office at (570)876-6309. Please refer to the account number indicated above.

This is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
James Francis
USCB Corporation
A Professional Debt Recovery Agency

   <<<To pay online visit www.uscbcorp.com or to pay using our 24/7 automated system call (570)876-6309>>>

See Reverse Side for Important Information
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

| | |
|---|---|
| Client: | Stratford Career Institute |
| Creditor's Account #: | F421158 |
| Reference #: | ST20105356 |
| Current Balance Due: | $347.40 |



PAY BY CREDIT CARD

*PLEASE SEND ALL CORRESPONDENCE
TO THE BELOW ADDRESS:*

Candy Pysadee
729 NEW JERSEY AVE
BROOKLYN NY 11207-7011

U S C B CORPORATION
P.O. BOX 75
ARCHBALD, PA 18403
||ᒐᒐ||||ᒐᒐᐧᒐᒐᐧ||ᒐᒐ||ᐧᒐᒐᐧᒐᒐᐧ||||ᒐᒐᐧᒐᒐᐧ||ᒐᒐᒐ|ᒐᒐᒐᒐᒐᐧ||||ᒐᒐᐧᒐᒐᒐᒐᐧ||ᒐᒐᒐ||

820 - CL1A